# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL CONDES, on behalf of himself and all other persons similarly situated  Plaintiff, vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a licensed Illinois insurance carrier, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 06 C 4607 Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Samuel Condes ("Condes"), filed a class action suit in the Circuit Court of Cook County, Illinois, Case No. 06 CH 14800, against defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), alleging causes of action for declaratory judgment, breach of contract, breach of settlement contract, and violation of the Illinois Consumer Fraud Act, 815 ILCS § 505 *et. seq.* On August 24, 2006, State Farm removed Condes' claims to federal court based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Presently before the court is Condes' motion for remand. For the reasons stated below, Condes's motion is granted.

## BACKGROUND

According to Condes's complaint, on April 10, 2004, he was involved in an automobile accident with a State Farm insured in which he suffered bodily injury. Condes filed a bodily injury claim with State Farm, seeking reimbursement for his medical bills. To process his claim, State Farm requested all of Condes's medical records and bills, which he submitted. Thereafter,

Condes and State Farm reached a settlement agreement: Condes agreed to release his bodily injury claim against State Farm in exchange for payment of $1,757.35.

State Farm issued Condes a settlement check in the agreed amount, but made it payable to, among others, Condes and Medicare Part B ("Medicare"). State Farm named Medicare as payee on the settlement check for reimbursement of purported medical payments made by Medicare directly to medical providers for treatment of Condes's injuries even though no payment was made by Medicare on Condes's behalf.

Condes's attorney contacted State Farm and requested that it remove Medicare as payee on the check issued to Condes, but State Farm refused. State Farm indicated that even though it was unaware of any payments made by Medicare to any medical provider regarding Condes's bodily injury claim, it is State Farm's practice to name Medicare as payee on the settlement checks of all claimants who could possibly qualify for Medicare coverage.

Condes then filed the present class action lawsuit, contending that State Farm's policy and practice of levying liens on behalf of Medicare - by naming Medicare as payee on his and other class members' settlement checks - for purposes of recouping purported and non-existent payment by Medicare for medical expenses violates Illinois law.

## DISCUSSION

Condes argues that his suit should be remanded to state court because this court lacks jurisdiction over the matter. Specifically, Condes contends that his claims do not meet the jurisdictional requirements of the CAFA for this court to have jurisdiction over them.

In considering a motion to remand, a court's focus is restricted to its authority to hear the case pursuant to the removal statute. 28 U.S.C. § 1441. Whether removal was proper is

determined from the record as a whole. *Casey v. Hinckley & Schmitt, Inc.*, 815 F. Supp. 266, 267 (N.D. Ill. 1993); *Kennedy v. Commercial Carriers, Inc.*, 739 F. Supp. 406, 409 (N.D. Ill. 1990). The party seeking to preserve the removal, not the party moving to remand, bears the burden of establishing that the court has jurisdiction. *Jones v. General Tire & Rubber Co.*, 514 F.2d 660, 664 (7th Cir. 1976). If the court finds that it does not have jurisdiction, then it must remand the case to state court. *Casey*, 739 F. Supp. at 267; *Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F. Supp. 449, 452 (N.D. Ill. 1991).

State Farm removed Condes's suit, claiming that Condes had brought a class action under the CAFA. CAFA amended the diversity jurisdiction requirement of 28 U.S.C. § 1332 so that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which any member of a class is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In his motion to remand, Condes argues that State Farm has failed to meet its burden to show that the amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs.

In *Meridian Security Insurance Co. v. Sardowski*, 441 F.3d 536, 543 (7th Cir. 2006), the Seventh Circuit clarified the burden of proof of a proponent of federal jurisdiction:

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's perspective) will be less than the jurisdictional floor may the case be dismissed.

In this case, State Farm attempts to establish the amount in controversy by making a series of inferences from a few uncontested facts. State Farm begins by arguing that since a class representative's claim must be typical and representative of the class, Condes's alleged damages of $1,757.35 is an appropriate measure of the size of other class members' claims. On that premise, State Farm divides the $5 million jurisdictional floor by Condes's alleged damages to determine the size of the class necessary to satisfy the amount in controversy threshold: 2,845. Then, since Condes asserts in his complaint that there are "thousands" of class members, State Farm concludes that it is reasonable to find that the amount in controversy exceeds $5 million.

In response, Condes first challenges State Farm's contention that the average amount in controversy per class member is $1,757.35, or the amount of Condes's claim for damages. Condes contends that State Farm has failed to offer any explanation for why his claim should be regarded as the average claim for each of the class members. That, of course, is not true. As indicated above, State Farm relies on Rule 23(a)(3), Fed. R. Civ. P., which requires as a condition of class certification that a named plaintiff's claims be typical of the proposed class. Nevertheless, though Condes misstates the reason, his objection is well-taken. Rule 23(a)(3) does not require that a named plaintiff's claim involve an identical or even like amount of damages as those of potential class members. Instead, a named plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *De La Fuente v. Stoekly-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). As such, Rule 23(a)(3) provides no basis for State Farm's assumption that Condes's claim for damages is the appropriate measure of the class members' claims.

4

Even if it did, State Farm's methodology for estimating the average size of the potential class members' claims suffers from another flaw. As Condes's points out, he seeks to represent two types of potential class members: those who have been able to cash their settlement checks and those who thus far have not.[1] While the latter may be able to seek the full value of their settlement checks, Condes represents that the former may seek in damages only the unearned interest occasioned by the delay in depositing their settlement check as a result of having to obtain Medicare's endorsement. Accordingly, even if an average settlement check amount could be determined, State Farm would still need to show how many of the potential class members have a claim for the full amount of their settlement checks and how many only have a claim for interest. Absent that showing, there is no way to predict the amount in controversy.

It may well turn out that a few of the potential class members have a claim for the full amount of their settlement checks, but it seems likely that the vast majority of the class will have only a claim for interest. The court can think of no reason why Medicare would withhold its endorsement in cases in which it did not make a medical payment on the claimant's behalf, and it

---

[1]State Farm argues that Condes's complaint does not distinguish between these two types of potential class members. In support of its argument, State Farm quotes three paragraphs of Condes's complaint's prayer for relief, highlighting the following phrases: "consisting of the amount of all settlement checks," "all monies," and "including but not limited to interest." None of these paragraphs, however, are quite as broad as State Farm suggests. In each instance, Condes refers only to monies or amounts "recouped," "withheld," or "claimed" by State Farm by naming Medicare as a payee. Since State Farm has not "recouped," "withheld" or "claimed" the settlement checks of those potential class members who have cashed their checks, these paragraphs only pertain to those class members who have not.
Other paragraphs in Condes's complaint specifically distinguish between the two types of class members. See, e.g., ¶ 14 (alleging that class members "were denied access to all or some of the amount due to them" because "[s]eeking a Medicare endorsement on a settlement check results in a delay of up to one year or indefinite delays in depositing the funds ...."); ¶ 21 ("State Farm has unfairly deprived and/or delayed ... Plaintiff's and the plaintiff class members' monetary recovery ...."); ¶ 54 ("State Farm knew when it would have use of the settlement funds and earn interest on said settlement funds ....").

5

will not assume that Medicare acts unlawfully to claim money it is not owed. As a consequence, aside from those class members who have only recently been issued settlement checks and thus have not had an opportunity to obtain Medicare's endorsement, the potential class members are likely to only seek interest. Even in those instances where a class member's settlement check has expired due to the delay in getting Medicare's endorsement, that class member would still be entitled to have State Farm reissue the settlement check. Thus, even under that scenario, the potential class member would only have a claim for interest.

Since State Farm has failed to present a reliable means to predict either the average size of the potential class members' settlement checks or the number of potential class members who have only a claim for interest, there is no basis to determine the amount in controversy. Therefore, this case must be remanded, as the party asserting federal jurisdiction has the burden of showing that the amount in controversy threshold is satisfied. *Sardowski*, 441 F.3d at 543.

## CONCLUSION

For the foregoing reasons, Condes's motion to remand [# 11] is granted. The case is terminated.

Date: January 24, 2007

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

6